# STORCH AMINI & MUNVES PC
A New York Professional Corporation

Avery Samet  
Member NY Bar

e-mail:  asamet@samlegal.com  
direct:  212.497.8239

July 20, 2015

**VIA ECF**

**LETTER MOTION FOR PERMISSION TO MOVE  
FOR STAY PENDING APPEAL ON EXPEDITED BASIS**

Honorable Katherine B. Forrest  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 1950  
New York, New York 10007

Re:   *Sanjiv Ahuja v. LightSquared Inc., et al.*, No. 15-cv-2342, on appeal from
      *In re LightSquared Inc., et al.*, Ch. 11 Case No. 12-12080

Dear Judge Forrest:

    On behalf of appellant Sanjiv Ahuja, we write to request permission to move on an expedited basis for a stay of the Bankruptcy Court's March 27, 2015 order confirming the chapter 11 plan of LightSquared Inc. and its debtor affiliates ("LightSquared") pending Mr. Ahuja's appeal.

    At oral argument held June 4, 2015 (the relevant excerpt of which is enclosed herewith), the Court previously indicated Mr. Ahuja should not move for such a stay while the appeal was *sub judice*:

> If, for instance, I were to rule against you, Mr. Samet, then I would assume you would take it to the Second Circuit. You would still have this period of time that is out there. So you would then move before the Second Circuit for a stay, if you deemed that necessary or appropriate. **Then if you move for a stay before me, I am going to tell you to wait, because that will require me to figure out if you have any likelihood in success of the merits that I am already in the process of deciding the appeal.**

    In accordance with this Court's instructions, Mr. Ahuja waited for a decision or further notification from the Court before moving for a stay. In order to remain true to the Court's direction to ensure enough time for a decision without the Court having to decide a stay motion, Mr. Ahuja proposed the Court direct that he be provided 14-days advance notice of plan

Honorable Katherine B. Forrest
July 20, 2015
Page 2

consummation so the parties could avoid having to brief whether a stay should be granted on an emergency basis in contravention of the Court's instructions.

Nevertheless, by letter dated July 17, 2015, LightSquared now takes the position (despite having said nothing at oral argument) that Mr. Ahuja must make a formal motion for a stay and he had better be prepared to post a bond equal to $1.7+ million per day (alleged added interest expense and professional fees) plus the cost of any increase in LightSquared's commitment fees.

Mr. Ahuja submits an analysis of LightSquared's borrowing costs under its pre- and postpetition and exit facilities and interest obligations to preferred equity holders reveals LightSquared's interest-accrual concerns are significantly overstated. In fact, the exit financing is likely more expensive than its current financing. In any event, Mr. Ahuja is surprised LightSquared is only now raising an issue about the alleged added cost from a stay when the parties discussed the need for and consequences of a stay with the Court in both April and June.[1]

In light of LightSquared's threat to consummate the plan while this Court is still considering the appeal, Mr. Ahuja respectfully requests permission to move for a stay on an expedited basis. Mr. Ahuja is prepared to move for a stay today, July 20, 2015. Mr. Ahuja requests that any response be filed within 2 days after filing of his motion, and that argument on such motion be scheduled for as soon thereafter as practicable. Absent entry of a stay, there exists a material risk that the FCC will promptly approve LightSquared's change of control application, that LightSquared will begin taking steps to consummate the plan, and that LightSquared will argue such consummation renders Mr. Ahuja's appeal equitably moot.

We appreciate the Court's consideration of this matter and remain available for a conference at the Court's convenience.

Respectfully,

Avery Samet

cc:   Michael Hirschfeld
      ECF List

Enclosure

---

[1] Mr. Ahuja disputes many of the assertions of fact and law contained in LightSquared's July 17, 2015 letter and will address them in his motion papers.

```
                                                                        1
    F64SLIGC

 1  UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
 2  ------------------------------x

 3  In Re:   LIGHTSQUARED, INC.,

 4                                  15 Civ. 2342 (KBF)
                                    15 Civ. 2848 (KBF)
 5
    ------------------------------x
 6                                              New York, N.Y.
                                                June 4, 2015
 7                                              10:00 a.m.

 8  Before:

 9                  HON. KATHERINE B. FORREST,

10                                              District Judge

11                         APPEARANCES

12  STORCH AMINI & MUNVES, P.C.
         Attorneys for Appellant Sanjiv Ahuja
13  BY:  AVERY SAMET
         JEFFREY CHUBACK
14
    WILLKIE FARR & GALLAGHER, LLP
15       Attorneys for Appellant SPSO, LLC
    BY:  TARIQ MUNDIYA
16          RACHEL C. STRICKLAND

17  MILBANK TWEED HADLEY & MCCOY, LLP
         Attorneys for Appellees LightSquared Inc.
18  BY:  MICHAEL HIRSCHFELD
            MATTHEW BARR
19          JAMES BURKE

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
```

```
                                                                   85
         F64SLIGC

1    decisions.  They are not going to be a combined decision.  I am
2    not going to issue it now, because I need to step back in both
3    appeals and review things and go through the cases and, again,
4    make sure that I have focused in the ways that you folks have
5    now helped to focus me.
6               I will write two separate opinions, because I think
7    that they will have potentially different history in terms of
8    where they proceed next and how they get looked at.  But the
9    timing will be probably similar, because I think that wherever
10   they go, they should go at effectively the same time.  They may
11   go to two different places, and that will be up to you folks.
12   Well, in part, it will be up to if I send them someplace.
13              But to the extent that I am capable of trying to keep
14   things in some coordinated fashion, I am going to try to.  That
15   may not end up happening if my schedule ends up getting messed
16   up.  I think the timing here is driven more by the Ahuja case
17   appeal than it is by the SPSO.  Tell me what you're looking at.
18   You were saying in terms of a stay.
19              Because in terms of timing, what timing is going to be
20   a problem for you?  If, for instance, I were to rule against
21   you, Mr. Samet, then I would assume you would take it to the
22   Second Circuit.  You would still have this period of time that
23   is out there.  So you would then move before the Second Circuit
24   for a stay, if you deemed that necessary or appropriate.  Then
25   if you move for a stay before me, I am going to tell you to
```

```
                                                                86
        F64SLIGC

1       wait, because that will require me to figure out if you have
2       any likelihood in success of the merits that I am already in
3       the process of deciding the appeal.
4               What timing in terms of where things stand with the
5       process are we looking at?  I know it is as soon as possible,
6       because this was brought on an expedited basis.  But tell me,
7       if I gave you a decision in six weeks, is that going to really
8       be a problem for you?  That is what I would normally be doing.
9       It would be sometime after the week of July 4.
10              MR. SAMET:  Let me answer this way.  As your Honor
11      recalls, we were here in April and the discussion was in April,
12      we had a fear that there could be an argument that once they
13      consummated the plan, they would argue equity out.  There was a
14      lot of discussion between myself and Mr. Hirschfeld where we
15      discussed that, well, the issue that would cause us to allow
16      them to consummate the plan was FCC approval of the change in
17      control application.
18              At the time they had said 45 to 60 days.  There was a
19      number of components of that.  I guess in an answer to that
20      question, my understanding is that the FCC has not yet
21      published the objection period for comment on the change in
22      control application.  I could be very wrong.  I think I would
23      leave that to Mr. Hirschfeld.
24              MR. HIRSCHFELD:  Your Honor, there has been a
25      publication.
```